

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00595-CR

Christopher M. **HARBER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR5166
Honorable Ron Rangel, Judge Presiding

Opinion by: Luz Elena D. Chapa, Justice

Sitting: Karen Angelini, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: October 24, 2018

MOTION TO WITHDRAW GRANTED; ABATED

Christopher M. Harber was indicted for manslaughter in June 2016 as a result of a deadly traffic accident that occurred on July 27, 2012. The indictment alleged Harber recklessly caused the death of an individual by driving and operating a commercial vehicle without a valid driver's license or commercial driver's license, driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing, failing to apply the brakes in a timely and reasonable manner, failing to maintain a single lane of traffic, and by driving on an

improved shoulder.[1] Prior to the beginning of trial, the State, with the trial court's permission, amended the indictment by striking the allegation that Harber was "driving and operating a motor vehicle at a speed that was not reasonable and prudent under the circumstances then existing."

The case was tried to a jury in August 2017. The jury was charged on manslaughter and the lesser included offense of criminally negligent homicide. The charge asked the jury whether Harber recklessly or with criminal negligence caused the victim's death by committing any of the acts alleged in the amended indictment. The jury found Harber guilty of criminally negligent homicide and found that he used or exhibited a deadly weapon during the commission of the offense. Harber pled true to the repeat offender enhancement allegations, and the jury assessed punishment at fifteen years in prison. Harber timely appealed.

Harber's court-appointed appellate attorney filed a brief and a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In her brief, counsel discusses several potential appellate issues, including the legal sufficiency of the evidence, but concludes that none have merit and that this appeal is frivolous. The brief meets the requirements of *Anders*. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel provided Harber copies of the brief and motion to withdraw, and at Harber's request, this court provided him a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Harber thereafter filed a *pro se* brief, in which he argues the charge of criminally negligent homicide was barred by the statute of limitations, the evidence is legally insufficient to support the verdict of guilt and the deadly weapon finding, and trial counsel rendered ineffective assistance by waiving the limitations defense and by failing to present

---

[1] *See* TEX. CODE CRIM. PROC. art. 21.15 (requiring indictment to allege with specificity the act(s) relied upon to constitute recklessness or criminal negligence).

a defense to the deadly weapon allegation or to rebut evidence of an uncharged bad act the State presented in the punishment phase. The State filed a waiver of its right to file a brief.

When appointed counsel has complied with the procedural requirements of *Anders*, we must review the record, and make an independent determination of whether there are any legal points arguable on the merits. *Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). If we determine the appeal is wholly frivolous, we issue an opinion explaining that we have reviewed the record and found no reversible error and affirming the judgment. *Bledsoe*, 178 S.W.3d at 826-27. However, if we determine there is a nonfrivolous ground for appeal, we must grant counsel's motion to withdraw, abate the appeal, and remand the case to the trial court with orders to appoint new counsel to present that and any other grounds that might support the appeal. *Id.* at 827; *Stafford*, 813 S.W.2d at 511.

We have reviewed counsel's *Anders* brief, Harber's *pro se* brief, and the record. We conclude the issue of whether the evidence is legally sufficient to prove criminally negligent homicide is arguable and not frivolous. *See Queeman v. State*, 520 S.W.3d 616 (Tex. Crim. App. 2017). We therefore grant counsel's motion to withdraw, abate the appeal, and remand the case to the trial court. The trial court is instructed to appoint, within thirty days of the date of this opinion, a new appellate attorney to present all arguable grounds of error, including but not limited to the nonfrivolous ground identified in this opinion. *See Bledsoe*, 178 S.W.3d at 827; *Stafford*, 813 S.W.2d at 511.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH